## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT MICHIGAN

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:18-cv-12584-AJT |
| | ) | |
| v. | ) | |
| | ) | |
| JAE PARK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12 and 56, hereby moves for the entry of an order striking the Affirmative Defenses filed by Defendant, Jae Park ("Defendant"), and files this memorandum in support.

## I.   INTRODUCTION

Defendant's Answer was filed on October 11, 2019 asserting twenty-one (21) Affirmative Defenses against Plaintiff's Amended Complaint. *See,* Answer, CM/ECF 25 pp. 9-10, and Amended Complaint, CM/ECF 11.   Defendant's Affirmative Defenses are insufficient and/or improper for the reasons stated herein. The defenses should be stricken pursuant to Fed. R. Civ. P. 12(f) because the defenses are barebones and do not provide adequate notice to Plaintiff, and no additional law or fact exists in support of these defenses.   Defendant's defenses

also fail as a matter of law.  For the foregoing reasons, as set forth below, Plaintiff respectfully requests the Court strike Defendant's affirmative defenses.

## II.   ARGUMENT

### A.   Legal Standard

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The decision whether to strike an affirmative defense is wholly discretionary." *Jeeper's of Auburn, Inc. v. KWJB Enterprise, LLC*, 2011 U.S. Dist. LEXIS 53492, 2011 WL 1899195, at *2 (E.D. Mich. 2011). Motions to strike affirmative defenses serve a useful purpose by "eliminating spurious issues before trial, thereby streamlining the litigation." *Hahn v. Best Recovery Servs, LLC*, No. 10-12370, 2010 U.S. Dist. LEXIS 116136, 2010 WL 4483375, *2 (E.D. Mich. Nov. 1, 2010). An affirmative defense is legally insufficient if "the defense cannot succeed under any circumstances."  *Id*.

The Court has developed a three-part test to determine whether an affirmative defense should be stricken:

> "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge - in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient."

*FTC v. Mazzoni & Sons, Inc.*, No. 06-15766, 2007 U.S. Dist. LEXIS 60635 (E.D. Mich. Aug. 14, 2007) (internal citations omitted).

Further, "a wholly conclusory affirmative defense is not sufficient.*"  Int'l Outdoor, Inc. v. City of Southgate*, No. 2:11-CV-14719, 2012 U.S. Dist. LEXIS 85952 at * n15 (E.D. Mich. Apr. 26, 2012).  "Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defense, or one that has a reasonably founded hope of success." *Id.*

"Indeed, the motion to strike under Rule 12(f) is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Kelley v. Thomas Solvent Co.*, 714 F. Supp. at 1442 quoting *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir.1986). Accordingly, striking affirmative defenses streamlines the litigation and comports with Fed. R. Civ. P. 1, which provides that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." *Fed. R. Civ. P. 1.*

### B. Defendant's Affirmative Defenses are Insufficient and Should Be Stricken or Summarily Dismissed

#### a. Defendant's First, Eighteenth and Twentieth Affirmative Defenses (Improper Party) Should be Stricken

Defendant's First, Eighteenth and Twentieth Affirmative Defenses state that "Plaintiff is pursuing an improper Party/Parties," *See* Answer CM/ECF 25 p. 9 ¶ 1

3

"Plaintiff's claims are addressed to the improper Party" *See* Answer CM/ECF 25 p. 10 ¶ 18, and "Plaintiff has wrongly identified the person(s) and entity." *See* Answer CM/ECF 25 p. 10 ¶ 20. These affirmative defense fails to meet the basic pleading standards required for an affirmative defense elucidated by *FTC v. Mazzoni & Sons, Inc*. No. 06-15766, 2007 WL 2413086 (E.D. Mich. Aug. 14, 2007). In fact, these affirmative defenses are merely a denial of liability and fail to allege any elements of their claims or include any statement of facts, and therefore fail on their face.

To the extent these affirmative defenses could be interpreted to be a failure by the Plaintiff to join an indispensable party, Plaintiff has not failed to join an indispensable party and Defendant fails to identify or allege who the purported indispensable party that Plaintiff has failed to join might be. *See e.g. Hammer v. Peninsula Poultry Equip. Co., Inc.,* 2013 WL 97398, at *7 (D. Md. 2013) (holding "this particular defense should include not only the title of the defense but also the name of the party required to be joined, and, if possible, the required party's citizenship and a statement regarding the court's jurisdiction over the case if he were joined.") Here, Defendant clearly failed to plead such information.

Further, there are no additional parties are required to be joined as a matter of law. Under Fed. R. Civ. P. 19(a)(1):

A person who is subject to service of process and whose joinder will not deprive the court   of subject-matter jurisdiction must be joined as a party if:

(A)    in that person's absence, the court cannot accord complete relief among existing parties; or

(B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

      (i)    as a practical matter impair or impede the person's ability to protect the interest; or

      (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Id.* Here there are no persons required to be joined according to Rule 19 because "[t]o prevail against [Defendant], Malibu needs to prove that [he] downloaded its copyrighted material without authorization. The court will be able to adjudicate these matters and to 'accord complete relief' whether or not" other unknown individuals are present. *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at *10 (E.D. Pa. 2013). Additionally, there are no other persons that can claim an interest in Defendant's actions in using BitTorrent to illegally infringe Plaintiff's works whose interest would be impaired or without whom Defendant would be left at risk of incurring double, multiple, or otherwise inconsistent obligations. *See Malibu Media, LLC v. Batz*, 2013 WL 2120412, at 84 (D. Colo. 2013) (same). For the foregoing reasons, Defendant's First, Eighteenth and Twentieth Affirmative Defenses should be stricken.

### b.  Defendant's Second, Third, Fourth, and Eighth Affirmative

**Defenses (Exaggerated, Incorrect and Misleading Information, Failure in Due Diligence, Unjust Enrichment Through Improper Information, and Unjust Enrichment Through Unjust Provision) Should be Stricken**

Defendant's Second, Third, Fourth, and Eighth Affirmative Defenses should be stricken as a matter of law.  A defense is insufficient "if as a matter of law, the defense cannot succeed under any circumstances." *Hahn v. Best Recovery Servs., LLC,* No. 10–12370, 2010 WL 4483375, *2 (E.D.Mich. Nov.1, 2010) (Duggan, J.) (internal quotation marks and citations omitted).  In this instance, the Second, Third, Fourth, and Eighth Affirmative Defenses are conclusory in nature and provide no additional facts on which the defenses are based.  As such, the Affirmative Defenses cannot succeed under any circumstances and should be stricken as a matter of law.

### c.  Defendant's Fifth and Seventh Affirmative Defenses (Failure to State a Claim) Should be Stricken

Defendant's Fifth and Seventh Affirmative Defenses state nothing more than the Amended Complaint fails to state a claim upon which relief may be granted. This defense omits any plain statement of fact and fails to allege any elements of its claim.

Further, Defendant's Fifth and Seventh Affirmative Defenses will not withstand a Rule 12(b)(6) challenge as Plaintiff does sufficiently state a claim by pleading that Defendant used the BitTorrent protocol to infringe Plaintiff's

copyrights.   The Affirmative Defense fails because Plaintiff has pled a prima facie claim for infringement.

Plaintiff has pled a prima facie claim for infringement.  A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff has adequately pled both elements. First, Plaintiff owns certificates of registration from the Copyright Office in the copyrighted works at bar. The certificates "constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c); *see Malibu Media, LLC v. Knight*, 2013 U.S. Dist. LEXIS 195893, *7 (M.D. Fla. May 9, 2013). Defendant has not called into question the validity of these certificates.

Second, Plaintiff sufficiently alleged copying of copyrightable elements. Plaintiff's Amended Complaint describes in detail Plaintiff's methods for discovering BitTorrent infringers as well as how it detects and records Defendant's infringement. (CM/ECF 11, at ¶¶ 10–25). The Amended Complaint ultimately concludes, "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization as enumerated on Exhibits A and B." *Id.* at ¶ 23. This level of information far surpasses the low bar set by *Iqbal* and *Twombly* for a Rule 12(b)(6). *See e.g.*, *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS

7

23494, *14 (D. Md. Feb. 26, 2015) (noting that Plaintiff's complaint satisfies the plausibility standard for Rule 12(b)(6), and although defendant raised the possibility some facts may not be correct, defendant's allegations did not contravene Plaintiff's pleading); *Malibu Media, LLC v. Does*, 2013 U.S. Dist. LEXIS 620, *14 (E.D. Pa. Jan. 3, 2013) ("These averments state a plausible claim of direct infringement under the Copyright Act.").

Further, other Courts that have addressed these issues have found that Plaintiff's complaints state a plausible claim for relief. *See e.g. In re Malibu Media Copyright Infringement Litig.,* No. C 15-04170 WHA, 2016 U.S. Dist. LEXIS 31908, at *11-12 (N.D. Cal. Mar. 10, 2016) ("Malibu Media has pled that it received at least one piece of each allegedly infringed work from the defendants, and it has pled that defendants' conduct occurred persistently, rather than in an isolated event. At the Rule 12 stage, the complaint has pled facts that plausibly demonstrate that the subscribers identified [12] in the complaints committed the alleged infringement"); *Malibu Media, LLC v. Bowser*, No. 5:14CV2759, 2015 U.S. Dist. LEXIS 136957, at *8-9 (N.D. Ohio Oct. 7, 2015) ("The facts alleged by Malibu, if accepted as true, sufficiently demonstrate that the user of IP address 98.27.177.139 copied its copyrighted material and, therefore, states a claim for unlawful copying that is plausible on its face."); *Malibu Media, LLC v. John Doe 1,* 2013 WL 30648 at *4 (E.D. Pa. 2013) ("Accepting all factual allegations in the

8

Amended Complaints as true . . . the Court concludes Plaintiff has stated a claim upon which relief can be granted under the Copyright Act."); *Malibu Media, LLC v. Pelizzo*, 2012 U.S. Dist. LEXIS 180980 at *1 (S.D. Fla. 2012) ("Having carefully reviewed the allegations in the Complaint and the applicable authorities, the Court will deny the Motion because the Complaint adequately states a claim for copyright infringement.").

For the foregoing reasons, Defendant's Fifth and Seventh Affirmative Defenses should be stricken and Defendant's request to dismiss should be denied.

### d. Defendant's Sixth Affirmative Defense (Failure to Mitigate Damages) Should be Stricken

Defendant's Sixth Affirmative Defense should be stricken as improper. For his Sixth Affirmative Defense, Defendant claims that Plaintiff has failed to mitigate its damages. However, "a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to- mitigate defense." *Malibu Media, LLC v. Ryder,* 2013 WL 4757266, at *3 (D. Colo. Sept. 4, 2013). "Having elected statutory damages, Plaintiff has given up the right to seek actual damages . . . thereby making a failure-to mitigate defense inapplicable." *Malibu Media, LLC v. Doe*, 2013 WL 4048513, at *2 (N.D. Ind. 2013) (striking affirmative defense of failure to mitigate damages). "[V]arious courts have held that because statutory damages are penal in nature, the affirmative defense of mitigation of damages has no application to the imposition of such damages (including those recoverable

9

under the Copyright Act)." *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 2013 U.S. Dist. LEXIS 109298, *119–20 (E.D.N.Y. Aug. 2, 2013) (collecting cases); *see Malibu Media, LLC v. Weaver*, 2016 U.S. Dist. LEXIS 47747, *18–19 (M.D. Fla. Apr. 8, 2016) ("The defense of failure to mitigate damages is generally inappropriate when a party seeks only statutory, as opposed to actual, damages."); *Malibu Media, LLC v. Doe*, 2015 U.S. Dist. LEXIS 37588, *5 (D. Md. Mar. 25, 2015) ("Malibu has advanced this argument in similar litigation in other courts, and all agree that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure to mitigate defense."). As Plaintiff similarly only seeks statutory damages here, this Court should strike Defendant's Sixth Affirmative Defense.

### e. Defendant's Ninth Affirmative Defense (Statute of Limitations) Should be Stricken

Defendant has no basis to assert his Ninth Affirmative Defense that Plaintiff's "claims or the evidence related thereto are barred, either in whole or in part because of the Statute of Limitations." *See* Answer CM/ECF 25 p. 9 ¶ 9.  The Statute of Limitations in a copyright infringement matter under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sec. 507(b) is three (3) years from the date the claim accrued.  17 U.S.C.A. § 507.  Indeed, Plaintiff has been vigilant in pursuing its claims against Defendant.  As shown in Exhibit A to Plaintiff's Amended Complaint [CM/ECF 11-1], this claim was brought well within the

three- year statute of limitations.  Therefore, Plaintiff's claims have been properly brought within the three-year statute of limitations and Defendant's Ninth Affirmative Defense should be stricken.

### f.  Defendant's Tenth Affirmative Defense (Estoppel) Should be Stricken

Defendant's Tenth Affirmative Defense should be stricken as contrary to the law and facts and as conclusory.  For his defense, Defendant alleges only that "Plaintiff is estopped from making the claims alleged in its Complaint." *See* Answer CM/ECF 25, p. 9 ¶ 10. "For estoppel to apply, the party to be estopped must have acted or spoken in a way that represented a material fact, and the party asserting estoppel must have "detrimentally and justifiably relied on the representation" on the representation. *Malibu Media v. Doe*, No. 13-11432, 2014 WL 2616902 (E.D. Mich. June 12, 2014) citing *Bridgeport Music, Inc. v. Justin Combs Pub.,* 507 F.3d 470, 494 (6th Cir.2007) quoting *Thomas v. Miller*, 489 F.3d 293, 302 (6th Cir.2007).

Here Plaintiff has not used any conduct or language amounting to a representation of material fact on which Defendant detrimentally relied in committing the alleged infringement. Indeed, the Parties had no contact and were complete strangers prior to the initiation of this lawsuit.

Further, Defendant alleges no more than a recitation of the defense. Defendant's assertions are vague and ambiguous. Without Defendant providing

any other information, Plaintiff cannot begin to formulate a response to inform the Court why such claimed defense is invalid. Moreover, the scope of relevant discovery cannot be ascertained[1].   Therefore, Defendant's Tenth Affirmative Defense should be stricken.

### g.  Defendant's Eleventh Affirmative Defense (Unclean Hands) Should be Stricken

Defendant's Eleventh Affirmative Defense merely states "Plaintiff brings this unlawful and unethical action with unclean hands and bad intent." *See* Answer CM/ECF 25, p. 10 ¶ 11. "The concept of unclean hands may be employed by a court to deny injunctive relief where the party applying for such relief is guilty of conduct involving fraud, deceit, unconscionability, or bad faith related to the matter at issue to the detriment of the other party." *Performance Unlimited, Inc. v. Questar Publishers, Inc.,* 52 F.3d 1373, 1383 (6th Cir. 1995).  "The doctrine of unclean hands requires the alleged misconduct on the part of the plaintiff relate directly to the transaction about which the plaintiff has made a complaint." *Id.* "[B]road affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the

---

[1] In the alternative to striking Defendant's affirmative defenses, Plaintiff moves for the entry of an order requiring a more definite statement of Defendant's affirmative defenses pursuant to Fed. R. Civ. P. 12(e) which states, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Id.*

defense rests." *Glover v. Mary Jane M. Elliott, P.C.*, 2007 WL 2904050 (W.D. Mich. Oct. 2, 2007).

Here, Defendant has omitted any factual basis on which his affirmative defense rests and has not asserted any behavior by Plaintiff that may qualify as unclean hands. His conclusory affirmative defense provides no notice to Plaintiff as to the basis for the defense. Accordingly, Defendant's Eleventh Affirmative Defense is insufficiently pled and should therefore be stricken.

### h. Defendant's Twelfth Affirmative Defense (Unconscionability) Should be Stricken

Defendant's Twelfth Affirmative defense states, "Plaintiff's claims or the evidence related thereto, are barred, either in whole or in part, because the improperly relied upon contract and/or provision is unconscionable." *See* Answer CM/ECF 25, p.10 ¶ 12. "[B]road affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests." *Glover v. Mary Jane M. Elliott, P.C.*, 2007 WL 2904050 (W.D. Mich. Oct. 2, 2007).

Here, Defendant has omitted any factual basis on which his affirmative defense rests and has not asserted any behavior by Plaintiff that may qualify as unconscionable. In fact, Defendant alleges that there was some "relied upon contract" with Plaintiff. This not true. Prior to the instant suit, Plaintiff and

Defendant were complete strangers. This conclusory affirmative defense provides no notice to Plaintiff as to the basis for the defense. Accordingly, Defendant's Twelfth Affirmative Defense is insufficiently pled and should therefore be stricken.

### i.  Defendant's Thirteenth and Sixteenth Affirmative Defenses (Fraud) Should be Stricken

Defendant's Thirteenth and Sixteenth Affirmative Defenses asserting fraud, should be stricken as conclusory. To wit, Defendant's Thirteenth Affirmative Defense states, "Plaintiff's claims or the evidence related thereto, are barred, either in whole or in part by its own FRAUD." Answer CM/ECF 25 p.10, ¶ 13. Defendant's Sixteenth Affirmative Defense states, "Plaintiff's claims or the evidence related thereto are barred, either in whole or in part, due to the fact that Plaintiff is attempting to defraud the Defendant." Answer CM/ECF 25 p. 10 ¶ 16. As stated, Defendant's Affirmative Defenses do not satisfy even the liberal pleading requirements of Rules 8 and 9. Without any information or factual basis regarding the grounds upon which each of these affirmative defenses rests, Plaintiff cannot reasonably prepare a response and the relevant scope of discovery cannot be ascertained. Additionally, the Federal Rules of Civil Procedure require that fraud must be pled "with particularity [as to] the circumstances constituting fraud." *Fed. R. Civ. P. 9(b)*. Because they were pled with no factual support and do

not comply with federal pleading standards for affirmative defenses, Defendant's
Fourth and Fifth Affirmative Defenses should be stricken.

### j. Defendant's Fourteenth Affirmative Defense (Improper Jurisdiction) Should be Stricken

Presumably, Defendant attempts to argue that the Court does not have
personal jurisdiction over the Defendant because the Defendant did not infringe
Plaintiff's copyrighted materials. However, this is not a proper argument to rebut
personal jurisdiction. Plaintiff used proven IP address geolocation technology
which has consistently worked in similar cases to ensure that the Defendant's acts
of copyright infringement occurred using an IP address traced to a physical address
located within this District, and therefore this Court has personal jurisdiction over
the Defendant because (i) Defendant committed the tortious conduct alleged in this
Complaint in this State, and (ii) Defendant resides in this State and/or (iii)
Defendant has engaged in substantial and not isolated business activity in this
State.

Further, Defendant was personally served at an address in this District
[CM/ECF 24]. Therefore, Defendant's Fourteenth Affirmative Defense should be
stricken.

### k. Defendant's Fifteenth Affirmative Defense (Spoilation) Should be Stricken

Defendant's Fifteenth Affirmative defense states, "Plaintiff may have spoilated evidence to the detriment of Defendant." Answer CM/ECF 25, p.10 ¶ 15. Spoilation of evidence "does not 'give rise in civil cases to substantive claims or defenses.' "*ABC Business Forms, Inc. v. Pridamor, Inc.,* No. 09 C 3222, 2009 WL 4679477, at *3 (N.D.Ill.Dec.1, 2009) (quoting *Silvestri v. Gen. Motors Corp.,* 271 F.3d 583, 590 (4th Cir.2001)).

Here, Defendant has omitted any factual basis on which his affirmative defense rests and has not asserted any behavior by Plaintiff that may qualify as spoilation of evidence. Accordingly, Defendant's Fifteenth Affirmative Defense is insufficiently pled and should therefore be stricken.

### l.  Defendant's Nineteenth Affirmative Defense (Lack of Standing) Should be Stricken

Defendant's Nineteenth Affirmative Defense states "Plaintiff is an improper Party without proper standing."   Answer CM/ECF 25, p. 10 ¶ 19.   Defendant attempts to argue that the Plaintiff does not have proper standing to bring the instant suit.   A party who seeks to invoke federal jurisdiction over a case must prove it has standing. *FW/PBS Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).   There are two types of standing: (1) constitutional (Article III) standing; and (2) prudential standing. *Meyer v. United Auto Workers*, No. 13-12405, 2014 WL 2865408 (E.D. Mich. June 24, 2014) citing  *Bennett v.*

*Spear,* 520 U.S. 154, 162, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997).   Three elements make up the constitutional minimum of standing:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the Defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations, alterations, and citations omitted.)

In order to establish copyright infringement, the Plaintiff must prove both: (1) valid ownership of the copyright; and (2) copying by the defendant of the protectable elements of the plaintiff's work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Wickham v. Knoxville Int'l Energy Exposition, Inc.,* 739 F.2d 1094, 1097 (6th Cir.1984). Plaintiff's Amended Complaint properly asserts valid ownership of the copyrights at issue and copying by the defendant of the protectable elements of Plaintiff's works.  *See* Amended Complaint CM/ECF 11 ¶ 3, and ¶ 10-25. As such, Plaintiff has proper standing to bring the instant suit.

Further, Defendant's Nineteenth Affirmative Defense does not satisfy even the liberal pleading requirements of Rules 8 and 9. Without any information or factual basis regarding the grounds upon which this affirmative defense rests, Plaintiff cannot reasonably prepare a response and the relevant scope of discovery cannot be ascertained. Accordingly, Defendant's Nineteenth Affirmative Defense is insufficiently pled and should therefore be stricken.

## III.   CONCLUSION

For each of the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Strike Defendant's Affirmative Defense.

Dated: October 31, 2019          Respectfully submitted,

**BOROJA, BERNIER & ASSOCIATES PLLC**

/s/ *Joel A. Bernier*
**By:  JOEL A. BERNIER (P74226)**
49139 Schoenherr Rd.
Shelby Township, MI 48315
T: 586-991-7611
F: 586-991-7612
Email: Bbclawgroup@gmail.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

/s/ Joel A. Bernier
**By:  JOEL A. BERNIER (P74226)**

## CERTIFICATE OF COMPLIANCE

Pursuant to E. D. Mich. LR 5.1(a) I hereby certify that the foregoing has been prepared using one of the font and point selections approved by the Court in E. D. Mich. LR 5.1(a)(3).  This document was prepared using Times New Roman (14 pt.).

/s/ Joel A. Bernier
**By:  JOEL A. BERNIER (P74226)**

19